IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

ALLEN BENNETT, )
 )
      Petitioner, )
 )
vs. ) CIVIL NO. 08-cv-120-DRH
 )
DONALD A. HULICK and )
ROGER E. WALKER, JR., )
 )
      Respondents. )

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, an inmate in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

Petitioner filed a motion for post-conviction relief in state court challenging his state conviction. The state trial court denied the motion for post-conviction relief and made a specific finding that the motion for post-conviction relief was frivolous pursuant to 730 ILCS 5/3-6-3(d). Consequently, Petitioner was charged and found guilty of violating Institutional Rule 212-frivolous lawsuit and revoked 6 months of Petitioner's good conduct credit. Petitioner contends that his right

to equal protection of law was infringed because 730 ILCS 5/3-6-3(d) has a greater impact on non-violent inmates (like Petitioner) sentenced to serve "day for day" sentences than violent offenders sentenced to serve indeterminate or other types of sentences. In this action, Petitioner seeks expungement of the disciplinary report, as well as restoration of his good conduct credit.

Although the proper method for challenging the revocation of good time credit is habeas corpus, that remedy is available only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim.

In summary, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED**. Dismissal is without prejudice to Petitioner refiling his claims after he has exhausted his remedies through the state courts. All pending motions are now **MOOT**.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED:** June 27, 2008.

/s/    DavidRHerndon
**DISTRICT JUDGE**