# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN BENNETT, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| vs. | )    CIVIL NO. 08-cv-120-DRH |
| | ) |
| DONALD A. HULICK, et al., | ) |
| | ) |
|     Respondents. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Petitioner's motions to reinstate (Docs. 15 and 19), his motions for leave to file amended habeas corpus petitions (Docs. 16 and 20), and his motion for immediate injunctive relief (Doc. 17).

### BACKGROUND

Petitioner, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner did not challenge his underlying state conviction for possession of a stolen vehicle. Instead, Petitioner contested the revocation of good time credits - a disciplinary sanction that was imposed upon him after he was charged with and found guilty of "filing a frivolous lawsuit" in violation of prison rules.

On June 27, 2008, this Court issued a Memorandum and Order dismissing Petitioner's habeas corpus petition without prejudice because Plaintiff had not exhausted his available state court remedies prior to seeking federal habeas relief. *See* (Doc. 14). Specifically, the Court noted that Petitioner had not presented his claims in a mandamus action to the State of Illinois. Accordingly,

this Court directed the Clerk of Court to close this case. After this case was closed, Petitioner filed the instant motions.

**THE MOTIONS**

In his motions and proposed amendments, Petitioner now asserts that he has exhausted his available state remedies. Specifically, Petitioner states that he sought mandamus relief from the State of Illinois on June 27, 2008. Petitioner further states that his application for a writ of mandamus was denied in September 2008. Therefore, Petitioner seeks (1) to reinstate this habeas case (Docs. 15 and 19) and (2) to file an amended habeas petition in this habeas case (Docs. 16 and 20). Additionally, Petitioner seeks "immediate injunctive relief" concerning the conditions of his confinement (Doc. 17).

**DISCUSSION**

As noted in the Court's prior Memorandum and Order, Petitioner was required to exhaust his available state remedies *before* seeking relief from the federal courts. *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). Petitioner's after-the-fact satisfaction of the exhaustion requirement is insufficient to revive this action. Therefore, Petitioner's motions to reinstate this action (Docs. 15 and 19), his motions to file amended petitions (Docs. 16 and 20), and his motion for "immediate injunctive relief" (Doc. 19) are **DENIED**.

Because this Court's dismissal of this habeas action was without prejudice, though, Petitioner may file a *new* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court notes that it currently has a proposed petition for a writ of habeas corpus attached to Petitioner's motion to amend (Doc. 20). This petition appears to contain all of the claims that Petitioner wishes to assert with regard to the loss of good time credits. In lieu of engaging in a round of ping-pong with

2

Petitioner, the Court **DIRECTS** the Clerk of Court to file the proposed amended habeas corpus petition which was attached to Petitioner's motion to amend (Doc. 20) as an original petition for a writ of habeas corpus in a new civil case with a new case number. After opening a new case, the Clerk of Court is **DIRECTED** to advise Petitioner regarding the new case number. All future pleadings related to Petitioner's challenge to the loss of his good time credits shall be filed in the new case.

**IT IS SO ORDERED**.

**DATED:** March 4, 2009.

 **/s/     DavidRHerndon**
**DISTRICT JUDGE**